IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CYNTHIA JIMENEZ, individually and on behalf of I.C., a minor,<br><br>**Plaintiff,**<br><br>v.<br><br>MICROSOFT CORP.,<br>EPIC GAMES, INC.,<br>ROBLOX CORP.,<br>MOJANG STUDIOS,<br>NINTENDO OF AMERICA, INC.,<br>and GOOGLE, LLC,<br><br>**Defendants.** | Case No. 3:23-CV-03678-SPM |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Before the Court is a Motion to Stay Proceedings Pending Decision by the Judicial Panel on Multidistrict Litigation ("JPML") filed by Plaintiff Cynthia Jimenez. (Doc. 77). Defendants Microsoft Corporation; Epic Games, Inc.; Roblox Corporation; Mojang Studios; Nintendo of America, Inc.; and Google, LLC filed a Response in Opposition. (Doc. 106). Having been fully informed of the issues presented, this Court **DENIES** the Plaintiff's Motion to Stay.

### RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The instant case is one of six federal cases challenging the purported addictive properties of video games. (*See* Doc. 1). Five of those cases have been filed by the same law firm. *See Johnson v. Activision Blizzard, Inc., et al.*, 23-CV-04107 (W.D. Ark.); *Dunn et al. v. Activision Blizzard, Inc., et al.*, 23-CV-00224 (E.D. Ark.); *Angelilli v.*

*Activision Blizzard, Inc., et al.*, 23-CV-16566 (N.D. Ill.); *Wilson v. Activision Blizzard, Inc., et al.*, 24-2-00025-1 (Wash. Super. Ct.). Upon request from the parties, this Court established a coordinated briefing schedule on January 25, 2024. (*See* Doc. 30).

Plaintiff Jimenez filed the instant Motion on March 22, 2024, one week before the Defendants' individual and omnibus motion deadline. (*See* Doc. 77). The Defendants filed their responsive pleadings, omnibus motions, and individual motions—including motions to dismiss and to compel arbitration—in accordance with the established deadline. (*See* Docs. 85, 89, 92, 94, 95, 96, 98). The Defendants subsequently filed a Response in Opposition to the Plaintiff's Motion. (*See* Doc. 106).

### APPLICABLE LAW AND LEGAL STANDARDS

District courts have the power to control their own dockets, including the discretion to stay proceedings. *Munson v. Butler*, 776 F. App'x 339, 342 (7th Cir. 2019) ("[A] district court has inherent power to exercise its discretion to stay proceedings to avoid unnecessary litigation of the same issues."). To determine whether a stay is necessary, courts consider "(1) whether a stay will simplify the issues in question and streamline the trial; (2) whether a stay will reduce the burden of litigation on the parties and on the court; and (3) whether a stay will unduly prejudice or tactically disadvantage the nonmoving party." *Berkeley\*IEOR v. Teradata Operations, Inc.*, 2019 WL 1077124, at *5 (N.D. Ill. Mar. 7, 2019) (citations omitted). The party seeking the stay bears the burden of proving that the court should exercise its discretion in staying the case. *Ind. State Police Pension Trust v. Chrysler LLC,* 556 U.S. 960, 961 (2009).

ANALYSIS

Plaintiff Jimenez argues that "[a]waiting the JPML's decision would serve the principle [sic] aims of multidistrict litigation . . . by allowing a single transferee court to consider the common legal and factual pretrial issues together and issue consistent rulings on such issues." (Doc. 78, p. 2). The Defendants argue that "[t]here is no good cause for staying this case" because "[c]ontrary to Plaintiffs' urging in their motion, a stay would not save resources; it would waste them, contravening core tenets of judicial economy and unduly prejudicing Defendants." (Doc. 106, p. 2 (citing Doc. 77)). As Plaintiff Jimenez addresses each of the three factors in the sequence outlined in *ACLU of Ill. v. United States Dep't of Homeland Sec.*, Case No. 17-cv-2768, 2017 U.S. Dist. LEXIS 232862, at *5 (N.D. Ill. June 28, 2017) and *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, at *2–3 (C.D. Cal. 1997), the Court will do the same here.

**I.   Potential Prejudice to the Non-Moving Party**

Plaintiff Jimenez argues that "there is no prejudice to Defendants if the stay is granted" because "Defendants have neither answered the complaint nor have they filed any motions." (Doc. 78, p. 4). She also argues that "having a single court decide such issues—rather than have multiple courts do so—serves (rather than prejudices) Defendants' interests." (*Id.*).

The Defendants disagree, arguing that "[t]here is a good reason for this case to proceed on the parties' agreed schedule despite Plaintiffs' JPML petition: the dispositive motions that Defendants already filed—both to compel arbitration and to dismiss—can and should result in dismissal from this Court." (Doc. 106, p. 5). They argue that, if the case were selected for multi-district litigation ("MDL"), deciding the

pending motions would be advantageous to the assigned judge. (*See id.*, p. 6 (citing *Quinn v. JPMorgan Chase Bank N.A.*, 2020 WL 3472448, at *2 (S.D.N.Y. June 24, 2020); *Piper v. Bayer Crop Sci. LP*, 2021 WL 1259680, at *2 (S.D. Ill. Apr. 6, 2021))).

The Defendants also argue that a stay at this portion of the case is inappropriate because "[i]t would make little sense to centralize claims subject to arbitration only to dismiss them or stay them pending any denial of motions to compel arbitration," because "[a] stay also would unfairly prejudice Defendants because it would postpone resolution of Defendants' meritorious arguments in favor of dismissal and compelling arbitration," and that "[d]elay of rulings in this case is also prejudicial because Plaintiffs cannot meet their burden for JPML centralization." (*Id.*, p. 6–8). The Defendants argue that "a stay is not warranted given that the same counsel represents plaintiffs in five of the six pending cases and the parties have been successfully informally coordinating across matters, including with respect to staggered briefing schedules." (*Id.*, p. 8 (citing *Blackmore v. Smitty's Supply, Inc.*, 451 F. Supp. 3d 1003, 1007–08 (N.D. Iowa 2020))).

While Plaintiff Jimenez is correct that the Defendants had not yet filed motions or responses to her Complaint when she filed her Motion to Stay on March 22, 2023, the briefing schedule *proposed by the parties* and adopted by the Court established the Defendants' responsive motions deadline as March 29, 2023. (*See* Docs. 26, 30). Local Rule 7.1(b)(2)(A) provides the party opposing a motion 14 days to respond. Thus, the Court could not have ruled on the Plaintiff's motion prior to the expiration of the Defendants' responsive motions deadline, rendering Plaintiff's first argument meritless. Moreover, the law firm serving as counsel for the Plaintiff chose to file

these actions in multiple jurisdictions and agreed to a coordinated briefing schedule that they now wish to flaunt once the Defendants have had their opportunity to respond to the Plaintiff's Complaint. (Doc. 1). Therefore, this factor points toward denying Plaintiff Jimenez's Motion to Stay.

## II.     Hardship and Inequity to the Moving Party

Plaintiff Jimenez next argues that "Plaintiffs face hardship and inequity if they have to proceed with pretrial motions and discovery in this Court while simultaneously litigating similar motions in other courts if the stay is not granted." (Doc. 78, p. 4). They argue that "[s]taying the litigation would put a halt to Defendants' early discovery tactics and would also reserve resolution of Defendants' motions until after the filing of a master complaint and presentation to a single consolidated court." (*Id.*).

The Defendants dispute this, arguing that "[t]he only hardship Plaintiffs claim—the difficulty of 'simultaneously litigating' in several courts—rings hollow" because this "is a hardship Plaintiffs knew about when they filed these cases and agreed to the current stipulated briefing schedule." (Doc. 106, p. 8 (citing Doc. 78, p. 4)). The Defendants note that "[a]t the time they agreed to the schedule in this case, Plaintiffs' counsel had several other similar federal cases pending" and "[a]s a result, Defendants cooperated with Plaintiffs' counsel to stagger the briefing schedules across the several cases." (*Id.*). The Defendants also note that two of the other district courts presiding over this family of cases have already dismissed analogous motions to stay post-implementation of a coordinated briefing schedule filed by the same law firm representing Plaintiff Jimenez. *See Dunn v. Activision Blizzard, Inc., et al*, No.

3:23-CV-00224 (E.D. Ark.) (Doc. 118) (Order denying Motion to Stay, Mar. 27, 2024); *Angelilli v. Activision Blizzard, Inc., et al,* No. 1:23-cv-16566 (N.D. Ill.) (Doc. 105) (Order denying Motion to Stay, Apr. 1, 2024). District Judge Shah, in denying the Plaintiff's motion to stay, wrote that "[t]he parties are not prejudiced by following the schedule set in this case and briefing issues that they will be contesting no matter what the JPML decides." (*Id.* (citing *Angelilli*, No. 1:23-cv-16566 (Doc. 105)).

The Court agrees with Judge Shah that the parties are not prejudiced by following a schedule to which Plaintiff Jimenez not only agreed, but to which the parties stipulated and jointly proposed to this Court. (*See* Doc. 26). This factor also points toward denial of the Motion to Stay.

### III. Conservation of Judicial Resources

In regard to the third factor, Plaintiff Jimenez argues that "[i]f numerous courts, including this Court, proceed with pretrial matters in advance of the JPML's decision, then the efforts of the courts and litigants will be needlessly repeated many times over." (Doc. 78, p. 5). She argues that "[r]equiring the parties to engage in pretrial matters and an early dispositive motions practice would result in a wasted duplication of effort." (*Id.*, p. 6).

As discussed *supra*, the Defendants argue that "briefing (and potentially resolving) the motions would simplify the task before any eventual MDL judge by eliminating the need to delve into relevant state law and Plaintiff-specific facts." (Doc. 106, p. 6 (citing *Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004); *Ill. Mun. Ret. Fund v. Citigroup, Inc.*, 391 F.3d 844, 850–51 (7th Cir. 2004))).

Here, the third factor also points toward adjudication of the motions to dismiss and to compel arbitration to present a simplified case to the cognizant MDL judge if Plaintiff Jimenez's Motion to Transfer is granted. The disposition of the four pending motions to compel arbitration (Docs. 85, 89, 94, 95) will determine whether specific defendants' claims must be resolved in a non-judicial venue. Disposition of the three pending motions to dismiss (Docs. 92, 96, 98) and the pending Motion for Sanctions (Doc. 109) will establish whether or not specific defendants must be dismissed from this litigation. Thus, addressing all of these motions on the front end of this litigation will conserve judicial resources in the longer term.

## CONCLUSION

For the reasons set forth above, the Plaintiff's Motion to Stay is **DENIED**. This matter shall continue in accordance with the schedule promulgated by the parties and approved by this Court. (*See* Doc. 30).

**IT IS SO ORDERED.**

**DATED:  April 23, 2024**

                                           s/ *Stephen P. McGlynn*
                                           **STEPHEN P. McGLYNN**
                                           **U.S. District Judge**